IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KOSSLER, )<br>                Plaintiff, )<br>    v. )<br>                            )<br>STEVEN CRISANTI and DONZI'S BAR, )<br>               Defendants. ) | 2:03cv679 |

**MEMORANDUM OPINION AND ORDER**

Before the Court for disposition are PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 1, 2005 ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1983 MALICIOUS PROSECUTION CLAIM ("Motion for Reconsideration") (*Document No. 30*) and DEFENDANT, DONZI'S, RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT ORDER OF AUGUST 1, 2005 GRANTING PARTIAL SUMMARY JUDGMENT ("Response") (*Document No. 31*). After considering the filings of the parties and the relevant case law, the Motion for Reconsideration will be denied.

Background

This civil rights action arises out of events which occurred in the early morning hours of November 11, 2001. Plaintiff Michael Kossler ("Kossler") was a patron of defendant Donzi's Bar ("Donzi's"). Defendant Steven Crisanti ("Crisanti"), a City of Pittsburgh Police Officer, was working an "off-duty" detail at Donzi's that evening. Kossler left Donzi's at approximately 2:00 a.m. and walked toward his vehicle. Shortly thereafter a fight broke out in the parking lot between unknown individuals. Crisanti attempted to break up the fight, and Kossler allegedly interfered with Crisanti's attempt to do so by grabbing Crisanti as he ran toward the fight.

The brawlers quickly dispersed. Crisanti then had words with Kossler regarding his alleged interference with him. An altercation between the two ensued; what actually happened is in dispute. Kossler contends that he was sprayed with pepper spray after he merely pushed Crisanti's finger away from his face. Crisanti, on the other hand, contends that he sprayed

Kossler with pepper spray only after Kossler forcefully grabbed and twisted his hand.

Kossler was arrested and charged with aggravated assault, public intoxication, and disorderly conduct.[1]  In a non-jury trial before the Honorable Robert E. Colville in the Court of Common Pleas of Allegheny County, Kossler was found not guilty of aggravated assault and public intoxication, but was found guilty of disorderly conduct and fined one hundred dollars.

Kossler then filed the instant lawsuit against Crisanti and Donzi's in which he brings claims for excessive force, false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 and the Fourth Amendment.  The Complaint also states common law claims for assault and battery, false arrest and malicious prosecution.  Additionally, the Complaint states a claim against Donzi's for failure to train.

Donzi's filed a Motion for Summary Judgment.  In a Memorandum Opinion and Order filed August 1, 2005, the Court granted the Motion for Summary Judgment as to Kossler's claims for malicious prosecution and false arrest brought pursuant to 42 U.S.C. § 1983 and Pennsylvania common law.  *See* Document No. 29.  The Court also granted summary judgment in favor of Donzi's on Kossler's claim for failure to train.  *See id.*  The Motion for Summary Judgment was denied in all other respects.  Kossler timely filed the instant Motion for Reconsideration.

---

[1] Under Pennsylvania law, "[a] person is guilty of aggravated assault if he ... attempts to cause or intentionally or knowingly causes bodily injury to ... [a police officer] ... in the performance of duty." 18 Pa. C.S.A. § 2702(a)(3).  As to the charge of public intoxication, Pennsylvania law provides that "[a] person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance ... to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." 18 Pa. C.S.A. § 5505.  As to the charge of disorderly conduct, Pennsylvania law provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa. C.S.A. § 5503.

Standard of Review

Generally speaking, a motion for reconsideration will be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Discussion

Kossler contends that the Court erred when it granted summary judgment on his section 1983 and Pennsylvania common law claims for malicious prosecution. The Court's ruling was based upon two separate rationales. First, the Court found that the malicious prosecution claims were barred by *res judicata* because "[a] judgment in favor of Kossler on his section 1983 and state law malicious prosecution ... claims would imply that he ... was not guilty of the offenses charged, when in fact Kossler was found guilty of disorderly conduct." Memorandum Opinion and Order at 9. Second, the Court found that Kossler's malicious prosecution claims were barred by his conviction for disorderly conduct because Kossler could not demonstrate "that the criminal proceeding ended in plaintiff's favor." *Id.* at 9-10; *see also Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (section 1983); *Merkle v. Upper Dublin School Dist.,* 211 F.3d 782, 791 (3d Cir. 2000) (Pennsylvania common law).

Kossler contends that the Court erred when it found that the malicious prosecution claims were barred by *res judicata*. The guiding principle is that "an action under section 1983 [cannot] be maintained on the basis of events leading to a conviction which has not been reversed or impaired by other official proceedings if a judgment in favor of the plaintiff in the civil case would imply that the conviction was invalid." *Nelson v. Jashurek*, 109 F.3d 142, 144 (3d Cir. 1997) (*citing Heck v. Humphrey*, 512 U.S. 477, 485-87 (1994)).

The Court again finds and rules that Kossler's claims are barred by *res judicata*. To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants

3

acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the criminal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Under Pennsylvania law a malicious prosecution claim requires proof that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Merkle, supra*, 211 F.3d at 791. A verdict in favor of Kossler on his malicious prosecution claims would necessarily require a finding that the earlier criminal proceeding ended in favor of Kossler and was initiated without probable cause. Either finding would imply that the conviction was invalid. Therefore, Kossler's malicious prosecution claims are barred by *res judicata*.

Moreover, the *res judicata* effect of Kossler's conviction was not the only basis on which the Court granted summary judgment on the malicious prosecution claims. Accordingly, Kossler also contends that his conviction for disorderly conduct should not bar his malicious prosecution claims because the charges of aggravated assault and public intoxication were resolved in his favor, *i.e.*, he was found not guilty. The United States Court of Appeals for the Second Circuit and some district courts in the Third Circuit follow the rule that a conviction on a summary or minor offense, *e.g.*, disorderly conduct, *does not* bar a claim for malicious prosecution on other (and usually more serious) crimes charged in the same criminal proceeding. *See Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991); *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir. 1989); *Luthe v. City of Cape May*, 49 F. Supp. 2d 380, 395-96 (D. N.J. 1999); *Cerami v. Blake*, 1993 WL 21011, *2-3 (E.D. Pa. Jan. 20, 1993). The Third Circuit has not squarely addressed the issue.[2]

---

[2] Kossler cites the Third Circuit's unreported decision in *Mitchell v. Guzick*, 2005 WL 1625236 (3d Cir. July 12, 2005) for the proposition that a conviction for disorderly conduct does not bar a malicious prosecution claim for harassment, stalking and terroristic threats. *See* Motion for Reconsideration at ¶ 11. However, in *Mitchell* the prosecution for disorderly conduct was a *separate proceeding* from the prosecution for harassment, stalking and terroristic threats. *See Mitchell* at *2. *Mitchell* simply does not address the situation presented by the instant action, but, by focusing on the outcome of the proceeding itself, rather than focusing on the charges, seems to

The Court has reviewed the cases cited by Kossler and will adhere to its earlier ruling that Kossler cannot maintain his section 1983 and Pennsylvania common law malicious prosecution claims because he cannot demonstrate that the earlier criminal proceeding terminated in his favor. The Court recognizes that there are decisions from the Second Circuit and district courts in the Third Circuit which support Kossler's position. However, in the Court's view what is determinative is that the elements of both the federal and the state causes of action require that *the proceeding* terminate in favor of the plaintiff. Additionally, in *Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996) the Third Circuit endorsed the proposition that:

> [C]riminal proceedings are terminated in favor of the accused by (a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court.

*Hilfirty*, 91 F.3d at 579 (*quoting Restatement (Second) of Torts* § 659 (1976) and *Haefner v. Burkey*, 626 A.2d 519, 521 (1993)).[3] The language quoted above focuses on whether the proceedings as a whole, and not the individual charges, terminated in favor of the accused.

Additionally, the charge of aggravated assault was predicated on the same factual basis as the charge of disorderly conduct, *i.e.*, the altercation between Kossler and Crisanti. In essence, Kossler was acquitted of the "major" offense, but found guilty of a lesser included offense, the statutory definition of which includes "engages in fighting . . . or in violent or tumultuous behavior." Kossler was clearly guilty of some wrongdoing in the altercation notwithstanding the fact that Judge Colville found that his wrongdoing did not amount to aggravated assault. Therefore, the Court again finds and rules that Kossler cannot maintain his section 1983 and Pennsylvania common law claims for malicious prosecution because the earlier criminal

---

indicate that the proceeding *as a whole* must terminate in favor of the accused.

[3] The Court recognizes that the *Hilfirty* court erred in applying the common law elements of a malicious prosecution claim to a section 1983 malicious prosecution claim. *See Merkle, supra*, 211 F.3d at 791-92 & n.11. Despite the fact that this aspect of the *Hilfirty* court's opinion is no longer good law, the *Hilfirty* court's discussion of what amounts to a "termination in favor of the accused" is still good law or, at the very least, a strong indication of how the Third Circuit would resolve the issue.

proceeding did not terminate in his favor.

There is an additional basis upon which to grant summary judgment in favor of Donzi's on the malicious prosecution claims. Donzi's argued in its Motion for Summary Judgment that it had no involvement in the prosecution of Kossler, and that it had no control over Crisanti's decisions in that regard. *See* Donzi's brief at 2. After finding that the malicious prosecution claims are barred on two alternative grounds, the Court failed to address this issue in the Memorandum Opinion and Order. However, the Court has reconsidered the issue, and finds that there is no evidence of record from which a reasonable fact finder could conclude that Donzi's initiated the criminal proceeding against Kossler, or had any other involvement in the criminal proceeding. Therefore, the Court finds and rules that Kossler cannot maintain his malicious prosecution claims against Donzi's due to its lack of involvement in the criminal proceeding.

## Conclusion

For the reasons hereinabove stated, Kossler's Motion for Reconsideration will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL KOSSLER,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) 2:03cv679 |
| **STEVEN CRISANTI and DONZI'S BAR,** | ) |
| **Defendants.** | ) |

### ORDER OF COURT

AND NOW, this 23rd day of August, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion for Reconsideration of the Court's August 1, 2005 Order Granting Defendant's Motion for Summary Judgment on Plaintiff's Section 1983 Malicious Prosecution Claim (*Document No. 30*) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Timothy P. O'Brien, Esquire
Email: tpob@icubed.com

Bryan Campbell, Esquire
Email: bryancmpbl@yahoo.com

Daniel F. LaCava, Esquire
Michael L. Fitzpatrick, Esquire
Daniel F. LaCava Law Firm
850 Washington Avenue
Carnegie, PA 15106